# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDEST MCKINNEY,<br><br>  Petitioner,<br><br>  vs.<br><br>FRED FOULK, Warden,<br><br>  Respondent. | Case No. CV 12-7452-GAF (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge.  On May 30, 2014, Petitioner filed Objections to the Report and Recommendation.

   Petitioner's habeas petition raised only one claim: that "[t]he prosecutor committed misconduct during closing argument by misstating jury instructions."  (1st Am. Pet. ("FAP") at 5.)  Yet in the Objections Petitioner repeatedly seems to attempt to raise an insufficiency-of-the-evidence claim as to his firearm convictions.  (See, e.g., Objections at 2 ("There was no identification of actual possession, no finger prints or DNA to tie petitioner to this anonymous firearm."; "The only thing that this court can determine is that petitioner can only be guilty of

is obstructing an officer charge."), 10 ("The other charge of possession should have been stricken after no burden of proof."), 12 ("[T]he charge and the instruction [concerning the firearm] that is given in this trial should have not been considered at all from the start.").)  Even if the Court theoretically has discretion to consider a habeas claim raised for the first time in objections to an R&R, see Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (court must exercise discretion in refusing to consider new arguments raised in objections to magistrate judge's report and recommendation), any claim challenging the sufficiency of the evidence has not been exhausted in state court and therefore is not appropriate for review, see Marquez-Ortiz v. Sullivan, No. SACV 08-552-ABC (FFM), 2012 WL 294741, at *1 (C.D. Cal. Feb. 1, 2012) (declining to consider habeas petitioner's additional claims raised for first time in objections to report and recommendation because not exhausted in state court).

    Similarly, Petitioner raises objections concerning other aspects of his trial, things not relating to the prosecutor's alleged misconduct during closing argument in describing the jury instructions.  (See, e.g., Objections at 4 (claiming that one witness gave "false testimony"), 5-6 (objecting to different testimony as hearsay), 6 (challenging eyewitness identification), 14 (objecting to prosecutor's argument that Petitioner was a "career felon").).  Again, any such claims have not been exhausted, and in any event some of them likely are not cognizable on federal habeas review.

    As to the claim Petitioner actually raised in the FAP, his objections mostly repeat his arguments in the FAP and Traverse.

He again asserts that an evidentiary hearing was needed to determine the effect of the prosecutor's remarks upon the jury. (<u>See, e.g.</u>, Objections at 3.)  But as the Magistrate Judge discussed at length in the R&R, the state court was not objectively unreasonable in concluding that any error was harmless.  (<u>See</u> R&R at 14-19.)

 Having reviewed de novo those portions of the Report and Recommendation to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.  IT THEREFORE IS ORDERED that the First Amended Petition is denied with prejudice, Petitioner's request for an evidentiary hearing is denied, and Judgment be entered dismissing this action.

DATED: July 1, 2014

        _____
        GARY A. FEESS
        U.S. DISTRICT JUDGE